UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JESSE MICHAEL WALL, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, *et al.*, ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. 24-2118 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of Jesse Michael Wall's application to proceed *in forma pauperis* (ECF No. 2) and petition for a writ of habeas corpus (ECF No. 1). The Court GRANTS the application and DENIES the petition.

The Court construes the petition as one challenging, essentially, every aspect of the proceedings in the Superior Court of the District of Columbia resulting in petitioner's guilty plea and criminal contempt conviction. Petitioner asks this Court to vacate his conviction, to stay eviction proceedings, and to award damages for alleged violations of rights protected under the First, Second, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, among other relief.

The Court must deny the petition for three reasons. First, because petitioner is a District of Columbia Code offender, a challenge to his conviction and sentence must be brought before the Superior Court under D.C. Code § 23-110, which in relevant part provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the

1

>laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). This petitioner has no recourse in federal court "if it appears that [he] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986). Petitioner, who appears to have initiated post-conviction proceedings, does not contend that the Superior Court has denied relief or that a remedy under § 23-110 is inadequate or ineffective.

Second, insofar as petitioner demands review, revision, or reversal of the rulings of the District of Columbia courts, this Court lacks jurisdiction to do so. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. July 27, 1994), *cert. denied*, 513 U.S. 1150 (1995).

Third, to the extent petitioner demands damages for constitutional violations arising from his conviction, sentence and incarceration, his claim is premature. As the Supreme Court has held:

>[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

2

*Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994); *Williams v. Hill*, 74 F.3d 1339, 1340–41 (D.C. Cir. 1996) (applying the *Heck* rule to *Bivens* actions). Petitioner does not allege that his convictions or sentences have been reversed or otherwise invalidated, and, therefore, his claim for damages fails. *See, e.g., Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010); *Jones v. Yanta*, No. 07-1172, 2008 WL 2202219, at *1 (D.D.C. May 27, 2008).

An Order is issued separately.

DATE: October 29, 2024              /s/
                                                         CARL J. NICHOLS
                                                         United States District Judge